# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. GOUMAS, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00035-GBC PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**I.　Screening Requirement**

Plaintiff Edward Lee Thomas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed January 10, 2011. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

**II.      Discussion**

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Avenal State Prison. Plaintiff alleges that due to a change to the California forfeiture schedule his good time credits should have been restored and he should have been released from custody in September 2010. On September 11, 2009, Plaintiff informed Defendant Goumas of the law change and tried to submit the proper forms for changes to be made to his time credits. Defendant Goumas refused to accept the paperwork, stating he did not assist prisoners with disciplinary measures. (Doc. 1, p. 9.)

Plaintiff filed an inmate appeal which was granted and on November 29, 2009, the CDCR recalculated his release date. Plaintiff submitted another appeal challenging other rule violations. This appeal has not been processed. (Id., p. 10.) Plaintiff is seeking compensatory and punitive damages for the time he has illegally been detained due to the failure to recalculate his release date.

When a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

The basis of Plaintiff's complaint is that prison officials have not restored his time credits due to a statutory change in the sentence that was imposed. Where the purpose of the action is to restore time credits the action lies in a writ of habeas corpus. Edwards v. Balisok, 520 U.S. 641, 643-44 (1997). While Plaintiff brings this action seeking monetary damages, the result of a judgment in his favor would be a finding that Plaintiff's time credits should be restored. So although

Plaintiff seeks monetary damages in this action, he is challenging the legality of his continued detention and a judgment in his favor would necessarily imply the invalidity of his confinement. Therefore in order to bring this as a § 1983 action Plaintiff would need to demonstrate that the sentence has already been invalidated. <u>Edwards</u>, 520 U.S. at 643. Since there has been no invalidation of the sentence imposed, Plaintiff's sole remedy lies in habeas corpus.

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). This action is HEREBY ORDERED dismissed, without prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   January 26, 2011

UNITED STATES MAGISTRATE JUDGE