UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS, | CASE NO.   1:11-cv-00035-GBC (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| J. GOUMAS, et al., | (ECF No. 10) |
| Defendants. | NO FURTHER FILINGS WILL BE ACCEPTED IN THIS CLOSED CASE |

**ORDER**

Plaintiff Edward Lee Thomas ("Plaintiff") is a former[1] state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Complaint on January 10, 2011 and consented to Magistrate Judge jurisdiction on January 21, 2011.  (ECF Nos. 1 & 5.)  This action was dismissed, without prejudice, and judgment was issued on January 26, 2011.  (ECF Nos. 8 & 9.)

Pending before the Court now is Plaintiff Motion to reinstate petition previously dismissed, which the Court deems a motion for reconsideration.  (ECF No. 10.)  In it, Plaintiff appears to ask the Court to reconsider its dismissal of his complaint.  Plaintiff also

---

[1] Plaintiff filed this action while he was in prison.  It appears that he has since been released.

states that he would like to add a claim of equal protection.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff claims that he came across new evidence which indicates racism. However, this action was dismissed because it appeared to be more properly construed as a habeas petition as Plaintiff was challenging the duration of his custody. It was dismissed without prejudice, meaning that Plaintiff is free to bring it in another action.

//

Plaintiff has offered nothing to convince this Court that any error was committed by the court or that the controlling law has changed.  Plaintiff does not demonstrate any new or different facts or circumstances, other than conclusory allegations of racism.

Because Plaintiff did not meet his burden as the party moving for reconsideration, his motion is HEREBY DENIED.  No further filings will be accepted in this closed case. IT IS SO ORDERED.

Dated:   September 21, 2011

UNITED STATES MAGISTRATE JUDGE